■ ROBERT IOVINELLA, Appellant, v GENERAL ELECTRIC CREDIT COR-
PORATION, Defendant and Third-Party Plaintiff-Respondent. SHERIFF OF
SCHENECTADY COUNTY, Third-Party Defendant.—Appeal from an order
of the Supreme Court at Special Term, entered November 13, 1979 in
Schenectady County, which denied plaintiff's motion for leave to amend
the complaint and which dismissed the complaint on defendant's cross
motion pursuant to CPLR 3211 (subd [a], par 7). This appeal represents
the third time this series of transactions has been before the court (see
*Iovinella v Sheriff of Schenectady County*, 67 AD2d 1037, app dsmd 47
NY2d 799; *General Elec. Credit Corp. v Marcella's Appliances Sales &
Servs.*, 66 AD2d 927). Briefly, the facts involved have to do with an
inventory financing agreement between this defendant and Marcella's
Appliances Sales & Services, Inc., (hereinafter Marcella) by which the
defendant was granted a security interest in a part of Marcella's inven-
tory. A default occurred and defendant demanded repossession of the
pledged chattels from Marcella and was refused. On August 24, 1976 the
defendant, by order to show cause, commenced a replevin action against
Marcella which contained a temporary restraining provision prohibiting
Marcella from disposing of the chattels, transferring them or removing
them from New York State. On September 1, 1976 the defendant secured
a seizure order authorizing the search of premises at 139 Gordon Road,
the plaintiff's property, where it was believed that Marcella had con-
cealed some of the pledged chattels. The order authorized the Sheriff to
seize the chattels. The Sheriff and defendant's employees entered the
plaintiff's premises and searched a barn located thereon in an effort to lo-
cate the chattels. The defendant's replevin action against Marcella was
dismissed on November 3, 1976 for failure to state a cause of action in that
the original replevin complaint failed to allege a demand for return of
the chattels which were the subject of the action and, on reargument, the
dismissal was upheld with leave to amend the complaint. An amended
complaint was served and issue was joined in December, 1976. On
April 29, 1977, Special Term found that the defendant was entitled to
relief in the replevin action and ordered seizure of the chattels which
were the subject of the action. On appeal, the order was modified to grant
the defendant summary judgment *(General Elec. Credit Corp. v Mar-
cella's Appliances Sales & Servs., supra)*. Plaintiff is suing the defendant
in the instant action for abuse of process, malicious prosecution, invasion
of privacy, trespass and unreasonable search and seizure, all stemming
from the execution of the seizure order. Plaintiff *moved under CPLR
3025 to add an eighth cause of action based on a Federal statute* (US
Code, tit 42, § 1983), alleging unreasonable search and seizure and de-
nial of due process and equal protection under the United States Con-
stitution. The defendant, by cross motion, sought dismissal of the entire
complaint under CPLR 3211 (subd [a], par 7). Special Term denied
plaintiff's motion to amend and granted defendant's cross motion to
dismiss the complaint. We concur with Special Term's conclusion that
the plaintiff has failed to set out facts sufficient to sustain any of the
causes of action pleaded. Abuse of process is not made out in the pleadings
because there are no allegations of perversion of a regularly issued
process to some collateral or improper purpose, a required element of
abuse of process *(Board of Educ. v Farmingdale Classroom Teachers
Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397). The order of seizure
was sought by the defendant for the purposes of locating the chattels

which were the subject of the replevin action. Thus, the process was utilized for its intended purpose. Plaintiff's contention that the order of seizure could not be directed to one not a party in the replevin action is incorrect (CPLR 7102, subd [b]; 12 Carmody-Wait 2d, NY Prac, p 657). Plaintiff's cause of action for malicious prosecution likewise is fatally deficient in that the defendant was successful in the replevin proceeding *(General Elec. Credit Corp. v Marcella's Appliances Sales & Servs., supra)*. Malicious prosecution does not lie when the proceeding on which it is based turns out to be well founded (see 36 NY Jur, Malicious Prosecution, § 19). Plaintiff's cause of action in trespass likewise must fail. We note that when the order of seizure was issued, Marcella had been served with a summons and complaint as required by CPLR 7102 (subd [a]). The subsequent dismissal of the complaint which was granted with leave to amend the complaint was a conditional dismissal and, therefore, did not nullify the order of seizure issued by the court as between these litigants. The seizure of chattels possessed by a third-party nondefendant, such as this plaintiff, could have been obtained prior to the service of any summons and complaint upon Marcella. Limited in rem jurisdiction would then have been obtained. The purpose of CPLR 7102 is to guarantee that when chattels are seized from a person, the proper defendant will be served with a summons and complaint; therefore, a summons and complaint must either accompany the order of seizure or be served beforehand. We conclude then that the technical deficiency in the first complaint did not nullify the efficacy of the order of seizure as to these litigants. Plaintiff further contends, in conjunction with his cause of action in trespass, that defendant's failure to allege that a demand for return of the chattels was made on plaintiff and that plaintiff refused to return the chattels renders the order of seizure jurisdictionally defective. A demand for return of goods is not always required. From the furtive circumstances attendant on the movement of the chattels from Marcella to plaintiff's property, we conclude that a demand was not required here. The examination before trial of the plaintiff reveals his knowledge of the "problems" with the chattels. A demand would have been futile under these circumstances. The sixth cause of action based on allegations of malice and want of probable cause is not supported by the facts. Probable cause was amply established in the affidavit submitted for the issuance of the order of seizure. Since no argument is propounded by plaintiff as to the fourth, fifth and seventh causes of action, we deem plaintiff to have abandoned any contention of their sufficiency or validity *(Peluso v Rochester Gen. Hosp.,* 64 AD2d 1013). The motion to amend the complaint to add an eighth cause of action was properly denied. It is a reiteration of the claims set out in the causes of action previously pleaded, all of which have been found to be insufficient. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.