■ In the Matter of FERDINAND J. CARILLO et al., Doing Business as CARILLON HOUSE NURSING HOME AND HEALTH-RELATED FACILITY, Appellants, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 12, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to declare illegal, null and void respondents' withdrawal of prior approval given to petitioners to expand their residential health care facility. Petitioners operate Carillon House, a nursing home. In February, 1979, they applied to the State Department of Health for permission to convert their 167 health-related beds to 85 health-related beds and 95 skilled-nursing beds. The gravamen of their article 78 petition to review respondents' refusal to approve their application is that they received a letter from William Golub, associate architect, approving their plans for the alterations and stating that the "work may proceed at this time". In reliance thereon, they expended $28,542.50 before they were notified that Golub did not have the authority to give approval for conversions and that, because of pending legal issues concerning possible revocation of petitioners' establishment approval, the application for the conversion would be held in abeyance. Petitioners claim that this action by the commissioner, despite notice of the Golub letter contemporaneous with its transmittal to petitioners, was arbitrary and capricious and that, under the circumstances, the commissioner should be estopped from denying approval. A review of the record fails to disclose any merit to the petition. Clearly, under the statute, the Commissioner of Health's formal approval was required before petitioners could have commenced construction or modification of their nursing home (Public Health Law, §§ 2802, 2801, subds 1, 5). Associate architect Golub's letter, therefore, was insufficient to constitute such an approval. While Golub's letter did state that "work may proceed at this time", a governmental entity is not bound by erroneous acts of its administrative employees (see *Matter of Galanthay v New York State Teachers' Retirement System,* 50 NY2d 984; *Matter of Newcomb v New York State Teachers' Retirement System,* 43 AD2d 353, affd 36 NY2d 953). There is no foundation for holding that the Golub letter and respondents' knowledge of it estops respondents from denying approval of the conversion. The doctrine of estoppel does not apply to the State acting in a governmental capacity, especially in the area of public health where governmental supervision is essential to protect consumers of public health care (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94). Moreover, on the basis of the record, petitioners fail to overcome the threshold question of "whether the complaining party's reliance had been reasonable" (*Matter of Hamptons Hosp. & Med. Center v Moore,* 74 AD2d 30, 35, mod 52 NY2d 88, *supra*). By letter of April 27, 1979, petitioners were

advised not to spend any money on the proposed conversion until they received various forms of official approval. A further letter, dated May 29, 1979, also expressly advised them that their application was subject to a final resolution of a hearing concerning revocation of their establishment approval, arising out of the felony conviction of one of the principals; and, in fact, that matter had not been resolved at the time petitioners received Golub's letter and began their construction. For all of the foregoing reasons, Special Term's dismissal of the petition should be affirmed. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.