In the Matter of the CITY OF NEW YORK, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. (Proceeding No. 1.)

In the Matter of the CITY OF NEW YORK, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. (Proceeding No. 2.)

Third Department, November 4, 1982

**APPEARANCES OF COUNSEL**

*Frederick A.O. Schwarz, Jr., Corporation Counsel (Joan E. Handler* and *Francis F. Caputo* of counsel), for appellant in Proceedings Nos. 1 and 2.

*Robert Abrams, Attorney-General (Reuben Goldwaser, Peter H. Schiff* and *James A. Sevinsky* of counsel), for respondent in Proceedings Nos. 1 and 2.

**OPINION OF THE COURT**

MAHONEY, P. J.

Pursuant to ECL 17-1905, the Department of Environmental Conservation is authorized to provide financial assistance to municipalities in connection with their water pollution programs in the form of partial reimbursements of the costs of operating and maintaining eligible sewage treatment plants. To qualify for such aid, such plants must meet the operative criteria set forth in ECL 17-1905 (subd 1, par c) as well as additional standards promulgated by regulation (6 NYCRR 651.50 *et seq.*). By letter dated November 26, 1979, respondent denied operation and maintenance relief for 8 of petitioner's 12 plants for fiscal year 1976-1977 citing violations of ECL 17-1905 (subd 1, par c) as well as violations of the applicable regulations. Petitioner never requested an administrative hearing (ECL 17-0907, subd 2). Instead, petitioner commenced a CPLR article 78 proceeding to review respondent's determination. Special Term (108 Misc 2d 170) dismissed the application to annul this determination denying relief for fiscal year 1976-1977 and petitioner appeals from the judgment.

Next, respondent denied petitioner operation and maintenance relief for six municipal plants for fiscal year 1977-1978, again citing petitioner's failure to comply with the provisions of ECL 17-1905 (subd 1, par c) and the appropriate regulations. The letters denying such relief were admittedly received by petitioner on July 15, 1980. Petitioner never requested an administrative hearing pursuant to ECL 17-0907 (subd 2), but, instead, commenced a CPLR article 78 proceeding beyond the 60-day limitation set forth in ECL 17-0909 (subd 2). Special Term dismissed the application as untimely and this appeal ensued.

■ Turning to the first proceeding, wherein petitioner concedes that it failed to request a hearing after being informed that operation and maintenance aid had been denied by respondent, we are constrained as a matter of law to affirm the judgment dismissing the application. ECL 17-0907 (subd 2) directs the Commissioner of Environmental Conservation to "grant a hearing to any person * * * who within twenty days after service upon him of a copy of a * * * determination of the commissioner, may file a petition with the department alleging that the * * * determination is * * * contrary to fact and injurious to him". While a party may waive a statutory provision enacted for his benefit, it is clear that such conduct thereafter precludes that party from invoking the benefit (*Selzer v Baker,* 295 NY 145, 149). In light of petitioner's admitted failure to petition for an administrative hearing, it cannot now argue that it is entitled to relief (cf. *Matter of Plummer v Klepak,* 48 NY2d 486, cert den 445 US 952). Petitioner's contention that it was misled by an employee of respondent as to its right to a hearing and that the State should be estopped from enforcing its law is rejected. Equitable estoppel can never be used to prevent the State from enforcing its laws or, as here, an agency from carrying out its duties (*Matter of Carillo v Axelrod,* 88 AD2d 681).

■ In the second CPLR article 78 proceeding petitioner seeks to excuse its noncompliance with the 60-day limitation for seeking judicial relief set forth in ECL 17-0909 (subd 2) by arguing that this proceeding is in the nature of mandamus to compel, both in its demand that respondent hold a statutorily mandated hearing, and in its demand

that respondent be enjoined from acting outside its jurisdiction by utilizing regulations not authorized by statute. Under the facts present here we reject that argument. Mandamus may only be used to enforce a clear legal right. The officer or agency against whom it is sought to be enforced must be one who is obligated to perform an official duty imposed by law. The duty must be positive, not discretionary. Here, respondent performed its duty. It reviewed petitioner's application for aid and denied the request for assistance as to six of the sewage treatment plants. Petitioner may review that determination by a CPLR article 78 proceeding in the nature of certiorari, but it cannot compel another and favorable decision by casting its grievance in another form (cf. *Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352, 358).

The second component of petitioner's argument, i.e., that respondent be enjoined from acting outside its jurisdiction by utilizing regulations not authorized by statute, is in the nature of prohibition. Prohibition is an extraordinary remedy and is only issued where the court, in the exercise of its discretion, determines that no other remedy is available. Here, because respondent has been granted broad power to regulate in the public interest and, further, because of the complexity of water pollution control (see ECL 17-0301, 17-0303; see, also, *Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164), together with the fact that petitioner cannot be allowed to resort to such an extraordinary remedy to excuse noncompliance with a statutorily defined time limitation, the argument that its petition is in the nature of mandamus and thus outside the provisions of ECL 17-0909 (subd 2) is rejected.

The judgment, in Proceeding No. 1, should be affirmed, without costs.

The judgment, in Proceeding No. 2, should be affirmed, without costs.

SWEENEY, KANE, CASEY and YESAWICH, JR., JJ., concur.

Judgment, in Proceeding No. 1, affirmed, without costs.

Judgment, in Proceeding No. 2, affirmed, without costs.