■ In the Matter of BENNETT PALMER, SR., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: The 1981 construction and operating permits issued by the Department of Environmental Conservation (DEC) clearly and unambiguously authorized the use of the entire 50.93 acres constituting the landfill, including the 12 acres in issue, in two stages, according to the engineer's drawings and report, and subject to certain conditions.

Special Term properly upheld DEC's determination that the 1985 renewal application did not constitute a modification within the contemplation of 6 NYCRR 360.3 (c) (1) (ii); thus, a new construction permit was not required. Moreover, petitioners' challenge to the propriety of the issuance of the 1981 operating permit was not timely made (CPLR 217). Where an agency's determination is unambiguous and its effect certain, the statutory period within which to bring an action commences when the aggrieved party is notified (Matter of Edmead v McGuire, 67 NY2d 714, 716). Furthermore, the fact that the second-stage use of the 12 acres in issue was conditioned on DEC approval of the leachate collection system "as built" drawings demonstrating compliance with the 1981 engineering drawings does not render the 1981 authorization

nonfinal or nonconclusive *(see, Matter of Delaware County Citizens Opposed to Powerline Route Alternatives v Public Serv. Commn.,* 120 AD2d 256).

Special Term also correctly upheld DEC's determination that the 1985 renewal application was a "minor project" not subject to a prepermit public hearing *(see,* 6 NYCRR parts 360, 617, 621) and that it was exempt from the requirements of ECL 8-0109 (2) pursuant to ECL 8-0111 (5) (a), the so-called "grandfathering" provision *(see, Matter of Salmon v Flacke,* 91 AD2d 867, 868, *affd* 61 NY2d 798).

It is well settled that a court may not substitute its own judgment for that of the agency responsible for making the determination. Rather, it must only ascertain whether the decision is supported by a rational basis or whether it is arbitrary and capricious *(Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 363, citing *Matter of Warder v Board of Regents,* 53 NY2d 186, 194, *cert denied* 454 US 1125). Moreover, where, as here, the determination of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, we must accord such determination great weight and judicial deference *(Flacke v Onondaga Landifill Sys., supra).* We find the record supports the determination of DEC to issue the 1985 operating permit and involves factual evaluations within its area of expertise. We conclude that the determination was not arbitrary and capricious and there is a rational basis for the decision. (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—art 78.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.