■ In the Matter of WESTAGE DEVELOPMENT GROUP, INC., et al., Appellants, v FRANKLIN E. WHITE, as Commissioner of the Department of Transportation, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered May 17, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioners, seeking to commercially develop an approximately 94-acre parcel of property located in the Town of Fishkill, Dutchess County, requested site plan approval for the project in March 1985 from the town's Planning Board. The property is at the northwest corner of the intersection of State Route 9 and Interstate Route 84. Route 9 runs north-south along the eastern boundary of the parcel and Route 84 runs east-west along its southern boundary. A westbound on-ramp connects Route 9 to Route 84 at this location.

On October 30, 1986, the Planning Board issued its approval of petitioners' site plan. The approval, however, contained the condition that "[i]f required by [respondent Department of Transportation], [petitioners] shall relocate the existing ramp in the northwest quadrant of the Route 9/I-84 interchange". Petitioners then began construction of the development. On July 24, 1987, they applied to the Department of Transportation (hereinafter DOT) for a permit to construct, *inter alia,* access driveways. On September 14, 1987, DOT granted the application but stated that it was "contingent upon the receipt and approval of construction plans to realign the westbound Interstate 84 entrance ramp". Thereafter, petitioners, on or about January 12, 1988, commenced this CPLR article 78 proceeding challenging the contingency imposed by DOT in its grant of petitioners' permit application. Supreme Court dismissed the petition as time barred under CPLR 217 and petitioners have appealed.

Initially, the question before us is what determination petitioners are in fact seeking to have reviewed *(see, Matter of Wing v Coyne,* 129 AD2d 213, 216). The true accrual point of petitioners' cause of action is determined by ascertaining the "focus" of their legal challenge *(see, supra,* at 217). Petitioners claim that they are challenging the September 14, 1987 decision by DOT, while respondents argue that, in reality, petitioners are challenging the provisions of the site plan approval which was issued on October 30, 1986. If petitioners are correct, they are within the four-month time limitation provided for in CPLR 217; if respondents are correct, then petitioners have not timely commenced their proceeding.

While the petition on its face challenges only DOT's determination, it is the requirement that petitioners realign the westbound entrance ramp that they are contesting. Petitioners had already been notified of this requirement previously in the Planning Board's site plan approval wherein it specifically conditioned the approval by stating that "[i]f required by [DOT], [petitioners] shall relocate" the westbound entrance ramp. Therefore, the focus of petitioners' challenge is in reality on the site plan approval.

Furthermore, the site plan approval became "final and binding" (CPLR 217) on petitioners on the date it was issued. It was at that point that it had its "impact" on petitioners *(see, Matter of De Groat v New York State Higher Educ. Servs. Corp.,* 90 AD2d 616, 617), and it was then that petitioners became "aggrieved" *(see, Matter of Martin v Ronan,* 44 NY2d 374, 380). The fact that the site plan approval was conditioned

upon DOT's possibly later requiring that petitioners install the westbound ramp does not make the determination any less final or conclusive *(see, Matter of Public Serv. Commn. v Rochester Tel. Corp.,* 55 NY2d 320; *Matter of Palmer v New York State Dept. of Envtl. Conservation,* 132 AD2d 996). The site plan approval put petitioners on notice that the Planning Board was requiring them to construct the ramp if DOT decided that it was petitioners' responsibility to do so. Additionally, contrary to petitioners' claim, simply because the initial determination was made by the Planning Board while the second determination was made by DOT, a different agency, does not warrant a different conclusion. Supreme Court, therefore, properly found the proceeding time barred since it was not commenced within four months of the Planning Board's October 30, 1986 decision.*

Nor do we accept petitioners' contention that since they alleged in their petition that DOT exceeded its jurisdiction, they are not subject to the four-month time limitation of CPLR 217. Such an allegation is in the nature of prohibition *(see, Matter of City of New York v New York State Dept. of Envtl. Conservation,* 89 AD2d 274, 277), for which it has been suggested there is no Statute of Limitations (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:5, at 34-35). However, prohibition is an extraordinary remedy available only as a matter of discretion and "only where there is a clear legal right" *(Matter of Dondi v Jones,* 40 NY2d 8, 13). Here, upon examining the petition as a whole, it is our view that it seeks CPLR article 78 relief in the nature of certiorari and therefore falls within the parameters of CPLR 217. Also, a party "cannot be allowed to resort to such an extraordinary remedy to excuse noncompliance with a statutorily defined time limitation" *(Matter of City of New York v New York State Dept. of Envtl. Conservation, supra,* at 277). Therefore, the argument that the petition is in the nature of prohibition is rejected.

Judgment affirmed, without costs. Kane, J. P., Levine, Mercure and Harvey, JJ., concur.

---

* We have taken judicial notice of the passage and contents of resolutions adopted by the Town Board of the Town of Fishkill and the Planning Board since Supreme Court's decision and have considered their effect *(see, Franklin v Krause,* 49 AD2d 740, *affd* 37 NY2d 813; *Matter of Russell Oaks, Inc. v Planning Bd.,* 28 AD2d 569, *affd* 21 NY2d 784). These resolutions, however, are explanations of the Planning Board's October 30, 1986 decision and therefore go to the merits of petitioners' arguments. They do not change the fact that since petitioners are actually challenging the Planning Board's decision, they did not timely commence this proceeding.

Casey, J., dissents and votes to reverse in a memorandum. Casey, J. (dissenting). Since petitioners were not required to realign the intersection until DOT issued the determination directing them to do so, this proceeding, commenced within four months of DOT's determination, is not time barred. Had petitioners commenced their proceeding within four months of the Planning Board's determination, DOT could not have been a proper party to that proceeding since it had issued no determination which had an impact on petitioners. Thus, any resulting judgment in such a proceeding would not have been binding on DOT, and it could have issued a determination requiring petitioners to realign the intersection notwithstanding petitioners' success in their proceeding against the Planning Board.

Insofar as petitioners' challenge to DOT's determination includes claims based upon principles of land use regulation, petitioners are barred from raising these claims by failing to timely sue the Planning Board, which is the proper party responsible for such regulation. But insofar as petitioners claim that DOT lacks the authority to make the determination at issue and that the determination is arbitrary and capricious and an abuse of discretion in that it lacks a rational basis in the record, both the Planning Board and its determination are irrelevant. If, in fact, DOT lacks the authority to make the determination at issue herein, the Planning Board's earlier determination cannot cloak DOT with that authority. Nor can the Planning Board's determination be viewed as requiring petitioners to comply with a future determination of another administrative officer irrespective of whether that future determination is lawfully issued or supported by a rational basis. Until DOT actually determined that petitioners were required to realign the intersection, any challenge to DOT's authority to make such a determination or to the existence of a rational basis for such a determination would have been premature. Accordingly, this proceeding against DOT is not time barred, and the judgment on appeal should be reversed and the motion to dismiss the petition denied.