■ In the Matter of HUNT BROTHERS CONTRACTORS, INC., et al., Appellants, v ROBERT C. GLENNON, as Executive Director of Adirondack Park Agency, et al., Respondents. [625 NYS2d 319] —Crew III, J. Appeal from that part of a judgment of the Supreme Court (Keniry, J.), entered October 7, 1993 in Hamilton County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition as untimely.

Petitioner Hunt Brothers Contractors, Inc. is the owner and operator of a concrete batching plant located in the Town of Wells, Hamilton County. On or about August 4, 1989, respondent Adirondack Park Agency (hereinafter the APA) issued a "notice of apparent violation" to Hunt Brothers alleging, inter alia, that the establishment of the plant and the manufacture and sale of concrete and related products, without the requisite APA permit, violated certain provisions of the Adirondack Park Agency Act. Shortly thereafter, Hunt Brothers executed a settlement agreement in which it agreed to, inter alia, obtain the necessary permit and comply with the review process.

The permit, which ultimately was issued by the APA to

Hunt Brothers on or about October 21, 1992, authorized the expansion of the concrete batching plant and associated rock crushing operation, subject to a number of conditions. Shortly thereafter, Hunt Brothers met with respondent Executive Director of the APA and APA counsel seeking certain changes in the permit and, by letter dated November 19, 1992, sought appeal and reconsideration of the permit, specifically contesting the APA's jurisdiction over the concrete batching plant and rock crushing operation. By letter dated March 15, 1993, the Executive Director informed Hunt Brothers that the APA had denied its request for reconsideration; Hunt Brothers subsequently was informed that the appeal process was not available to it.

On or about May 7, 1993, Hunt Brothers and petitioner County of Hamilton commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the subject permit and seeking, *inter alia,* a declaration that the APA lacks jurisdiction over the concrete batching plant and rock crushing operations.[1] Respondents moved to dismiss the petition and request for declaratory relief upon numerous grounds, including that this matter was time barred.[2] Supreme Court dismissed this proceeding as untimely, concluding that the 60-day Statute of Limitations began to run with the issuance of the October 21, 1992 permit and that Hunt Brothers' request for reconsideration and the APA's denial thereof did not toll the limitations period. This appeal by petitioners followed.

A review of the petition reveals that petitioners essentially are contending that the APA lacked jurisdiction over the concrete batching plant and rock crushing operation and that the findings made with respect thereto and the conditions imposed upon such operations are not supported by substantial evidence in the record. To that end, Executive Law § 818 (1) provides that a CPLR article 78 proceeding seeking review of any act, omission or order of the APA or any officer or employee thereof must be commenced no later than 60 days from the effective date of the order or the date upon which the act or omission challenged occurred.[3] In this regard, it is

---

1. The petition sets forth 12 causes of action denominated as Nos. 1 through 11 and 13.

2. While this proceeding was pending in Supreme Court, the APA issued an amended permit for the project which modified the October 1992 permit in certain limited respects.

3. With respect to the declaratory relief sought in cause of action Nos. 1,

well settled that an administrative determination becomes final and binding, and the applicable Statute of Limitations begins to run, when the administrative action has its impact upon a party and it is clear that the party is aggrieved thereby (see, e.g., Matter of Edmead v McGuire, 67 NY2d 714, 716; New York City Off Track Betting Corp. v State of N. Y. Racing & Wagering Bd., 196 AD2d 15, 18, lv denied 84 NY2d 804). Accordingly, the timeliness of petitioners' various claims is dependent upon their accrual point.

In our view, Supreme Court correctly concluded that cause of action Nos. 1 through 11 in the petition accrued and the 60-day Statute of Limitations began to run, at the latest,[4] with the issuance of the October 21, 1992 permit. The issuance of the subject permit plainly impacted petitioners by asserting jurisdiction over the concrete batching plant and rock crushing operations and imposing certain conditions upon such operations, including measures aimed at noise abatement. Accordingly, this proceeding, commenced in May 1993, is untimely with respect to the enumerated causes of action.[5]

In reaching this conclusion, we reject petitioners' assertion that the applicable Statute of Limitations was tolled by any number of events, including its application for reconsideration. Here, the APA's authority to grant reconsideration is entirely discretionary (see, 9 NYCRR 572.22 [b] [2]), and the mere fact that administrative agencies are vested with such discretion does not render an otherwise final determination nonfinal (see, Matter of Miller v Ambach, 124 AD2d 882, 883; Matter of Corbisiero v New York State Tax Commn., 82 AD2d 990, 990-991, affd 56 NY2d 680; cf., Matter of Gross v State of N. Y. Pub. Serv. Commn., 195 AD2d 866, 867, lv denied 82

---

6, 10 and 13, we are of the view that such objections could have been raised in a CPLR article 78 proceeding and, as such, imposition of the 60-day Statute of Limitations set forth in Executive Law § 818 (1) is appropriate (see generally, Solnick v Whalen, 49 NY2d 224, 229-230; see also, Bitondo v State of New York, 182 AD2d 948, 949-950).

4. We note in passing that there also is support for respondents' alternative claim that cause of action Nos. 1, 2 and 3, challenging the APA's assertion of jurisdiction over the concrete batch plant, accrued in 1989 when Hunt Brothers executed the "offer to resolve violation" agreement drafted by the APA (see, Matter of Vanbuskirk v Adirondack Park Agency, 164 AD2d 437, 440).

5. With respect to petitioners' cause of action No. 13, which essentially challenges the fairness of the administrative appeal and reconsideration processes, we are of the view that this cause of action did not accrue until petitioners were notified on or about March 15, 1993 that their request for reconsideration had been denied. Accordingly, this proceeding is timely as to that cause of action, and Supreme Court erred in dismissing it.

NY2d 660; *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, 752, *affd* 55 NY2d 613). Additionally, the denial of petitioners' application for reconsideration did not, under the circumstances present here, constitute a new determination on the merits and, as such, the Statute of Limitations was not extended *(see generally, Matter of Corbisiero v New York State Tax Commn., supra).*

Finally, we reject any suggestion that the reissuance of the October 21, 1992 permit in July 1993 either rendered the October 1992 permit nonfinal or somehow extended the Statute of Limitations period. As Supreme Court correctly concluded, the July 1993 permit contained only minor changes with respect to, *inter alia,* the hours of operation at the plant and certain reporting requirements and did not alter either the bases upon which the APA asserted jurisdiction over Hunt Brothers' operations or the substantive findings made with respect thereto. Petitioners' remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing cause of action No. 13 in the petition; motion denied regarding said cause of action; and, as so modified, affirmed.