■ In the Matter of HUNT BROTHERS CONTRACTORS, INC., Appellant, v ROBERT C. GLENNON, as Executive Director of Adirondack Park Agency, et al., Respondents. [630 NYS2d 399] —Crew III, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered April 6, 1994 in Hamilton County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition as barred by res judicata.

Petitioner is the owner and operator of a concrete batching plant located in the Town of Wells, Hamilton County. On October 21, 1992, respondent Adirondack Park Agency (hereinafter the APA) issued a conditional permit to petitioner authorizing the expansion of the concrete plant and associated rock crushing operation, subject to certain conditions. Petitioner commenced a combined CPLR article 78 proceeding and action for declaratory judgment challenging the permit and seeking a declaration that the APA lacked jurisdiction over petitioner's operations. Supreme Court dismissed the proceeding/action as untimely and this Court modified the judgment to the extent of reinstating cause of action No. 13 and, as so modified, affirmed (*Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817).*

During the course of the prior proceeding, the APA issued an amended conditional permit on July 30, 1993, and petitioner commenced the instant CPLR article 78 proceeding and declaratory judgment action challenging that permit. Respondents moved to dismiss the instant proceeding/action as barred by the doctrine of res judicata, which motion Supreme Court granted. This appeal has ensued.

As we noted in our prior decision, "the July 1993 permit contained only minor changes with respect to, *inter alia*, the hours of operation at the plant and certain reporting requirements and did not alter either the bases upon which the APA asserted jurisdiction over [petitioner's] operations or the substantive findings made with respect thereto" (*supra*, at 820). That being the case, we reject petitioner's assertion that the 1993 permit constituted a new and distinct act such that the doctrine of res judicata is inapplicable. Given that the pleadings in the instant case are identical to the case previously before us, excepting cause of action Nos. 13 and 14, and in

* Petitioner has moved for reargument of our prior decision, which motion is denied.

view of the fact that the doctrine of res judicata is applicable to the quasi-judicial determinations of administrative agencies (*see, Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals*, 192 AD2d 839, 840), Supreme Court's determination as to cause of action Nos. 1 through 12 should be affirmed. With respect to cause of action No. 13, it complains of condition 12 of the July 1993 permit, which is simply a modification of condition 13 of the October 1992 permit and, thus, is likewise barred by the doctrine of res judicata.

Petitioner contends, in cause of action No. 14, that permit condition 15 imposes time requirements which predate the effective date of the July 1993 permit. We disagree. Executive Law § 809 (5) and (7) (a) provide that a permit is effective upon issuance, but is subject to expiration upon the failure to timely record. Accordingly, the requirement in permit condition 15 that petitioner submit a report by September 1, 1993 does not predate the July 30, 1993 permit.

Finally, respondents have made a motion to reargue with respect to our previous decision concerning cause of action No. 13. We previously determined that cause of action to have been timely and reinstated it. Respondents urge that the matter is nonjusticiable, an argument made before Supreme Court but not reached because Supreme Court dismissed the entire proceeding/action on timeliness grounds. Inasmuch as respondents did not brief or argue the issue of justiciability before this court, we deem it inappropriate to grant reargument for that purpose. Our prior decision provides ample grounds for respondents to move to renew before Supreme Court and obtain a determination on that issue.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.