■ In the Matter of HUNT BROTHERS CONTRACTORS, INC., Respondent, v ROBERT C. GLENNON, as Executive Director of the

Adirondack Park Agency, et al., Appellants. [652 NYS2d 429] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 13, 1996 in Hamilton County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied respondents' motion to dismiss the petition for lack of justiciability.

The facts relevant to this proceeding have been fully set forth in our prior decision in this matter (214 AD2d 817). Therein we reinstated petitioner's 13th cause of action as timely and affirmed Supreme Court's dismissal of the balance of the petition. The remaining cause of action challenged the fairness of the administrative appeal and reconsideration processes of respondent Adirondack Park Agency (hereinafter APA). Thereafter, we denied APA's motion for reargument since the justiciability question they raised had not yet been addressed by Supreme Court (218 AD2d 862). Upon Supreme Court's later denial of APA's motion to dismiss the 13th cause of action, this appeal ensued.

The remaining cause of action alleges that "adjudication functions in enforcement and permitting matters are served by APA's 'enforcement committee' ". Petitioner thereafter refers to the applicable regulation defining the composition of the enforcement committee and notes that it may consist of two or more agency members (see, 9 NYCRR 581.1). Reasoning that since enforcement committee determinations may be appealed to or reconsidered by the full agency (see, 9 NYCRR 581.5), and that enforcement committee members may also be members of the full agency, "upon information and belief, they do, and did in this matter, fully participate in appeals from and reconsideration of their own determinations". Accordingly, it contended that the APA's internal organization is fundamentally flawed.

Our review of the record indicates that a distinction exists between review and reconsideration processes with respect to issues pertaining to permits (see, 9 NYCRR part 572 et seq.) as compared to such processes in matters involving the resolution of either statutory or regulatory violations which are reviewed by the enforcement committee (see, 9 NYCRR part 581 et seq.). Since the instant cause of action was reinstated, as timely, based upon the APA's notification by letter dated March 15, 1993 that petitioner's request for reconsideration was denied on a matter addressing a permit, respondents correctly contend that the enforcement committee was not involved in petitioner's appeal and/or reconsideration (see, 9 NYCRR 572.22). For these reasons, respondents' motion to dismiss should have been

granted since there is no justiciable issue (*see, City of Albany v McMorran*, 16 AD2d 1021).\*

Accordingly, we reverse Supreme Court's order and dismiss this matter in its entirety.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.

---

\* Even if the cause of action were premised upon the determinations rendered by the enforcement committee in both August 1989 and July 1990, a dismissal is still warranted, since petitioner failed to appeal such determinations either to the full agency (*see*, 9 NYCRR 581.5 [d]) or through judicial review (*see, Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136) within 60 days of their effective date. With no enforcement action under review here, the declaration sought would be the equivalent of a request for an advisory opinion (*see, Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354).