■ In the Matter of ESSEX COUNTY et al., Appellants, v MICHAEL D. ZAGATA, as Commissioner of New York State Department of Environmental Conservation, et al., Respondents. [656 NYS2d 445] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 2, 1996 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely and for failure to state a cause of action.

In November 1995, the Board of Supervisors of petitioner Essex County adopted a resolution authorizing the sale of the Essex County landfill to petitioner Serkil, Inc. for $5,025,000. The sale was contingent upon Serkil obtaining from respondents Department of Environmental Conservation (hereinafter DEC) and Adirondack Park Agency (hereinafter the APA) necessary modifications to the existing solid waste permits to allow the receipt of waste at cell No. 1 of the landfill at the rate of 500 tons per day rather than the approved design capacity of 95 tons per day. On December 4, 1995, Essex County filed a permit application with DEC, which in turn informed all involved agencies, including the APA, of the filing. The APA's initial position, expressed in early December 1995, was that it had no review jurisdiction with regard to the sale or the proposed change in operation as it related to cell No. 1 of the landfill.

At its February 8, 1996 meeting, however, the APA reversed itself and made a determination to assert review jurisdiction over the permit application. Thereafter, by letter dated February 29, 1996, the APA advised Essex County that it was required to file a new "application" consisting of a new signature page signed by the current Chairman of the Board of Supervisors, to be annexed to the copy of the permit application that the APA received from DEC in early December 1995, and to respond to detailed interrogatories. Taking the position that, under the "Memorandum of Understanding" between DEC, the APA and the Department of Health, the application filed with DEC constituted an application to the APA and was

complete in December 1995, Essex County refused to accede to the demand. Then, by letter dated April 16, 1996, Essex County made a demand pursuant to Executive Law § 809 (6) (a) that the APA render a decision on the permit application within five working days of receipt of the letter. By letter served April 22, 1996, the APA denied Essex County's demand for a permit upon the ground that, no complete application having been filed, there was no basis for the issuance of the permit. By letter dated May 1, 1996, served pursuant to ECL 70-0109 (3) (b), Essex County made a similar demand upon DEC. On May 9, 1996, DEC denied the requested permit modification without prejudice because of the fact that the APA's review had not been completed.

Petitioners commenced this CPLR article 78 proceeding on May 16, 1996 seeking determinations that the APA lacked jurisdiction to review, approve or disapprove the permit application, that petitioners were entitled to permits from respondents on the merits and by virtue of respondents' failure to render a decision on the application within five days following demand, and for an award of counsel fees pursuant to CPLR article 86. DEC and the APA each moved for summary judgment. Reasoning that petitioners' claims against the APA arose at the time of the APA's February 8, 1996 assertion of jurisdiction, Supreme Court dismissed all causes of action asserted against the APA as untimely. Although determining that the proceeding was timely commenced as to DEC, Supreme Court nonetheless dismissed the petition against that party as well, upon the ground that the "crux" of petitioners' claims were the APA's "change in position which resulted in the ultimate denial of the permit application by DEC, as lead agency". Petitioners appeal.

Initially, we agree with respondents that petitioners' first cause of action, alleging that the "APA lack[ed] jurisdiction to review, approve or disapprove Essex County's application to modify its DEC-issued solid waste management facility permit", was untimely. As correctly argued by respondents, the Statute of Limitations for challenging an administrative agency's action commences to run when the action is final and binding, i.e., when its effect is certain and has an actual impact that aggrieves a petitioner (see, Matter of Edmead v McGuire, 67 NY2d 714, 716). Patently, the "focus" or "central issue" of petitioners' first cause of action is that the APA acted in excess of its authority in exercising review jurisdiction over petitioners' permit application (see, Matter of Vanbuskirk v Adirondack Park Agency, 164 AD2d 437, 440; Matter of Westage Dev.

*Group v White*, 149 AD2d 790, 791, *lv denied* 74 NY2d 609). Thus viewed, we conclude that the APA's February 29, 1996 letter (if not its Feb. 8, 1996 determination to exercise review jurisdiction), and not its April 22, 1996 refusal to issue a permit, rendered the matter ripe for review under CPLR article 78 (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *cert denied* 469 US 823) and measured the time within which the proceeding must be commenced (*see, Matter of Vanbuskirk v Adirondack Park Agency, supra*). As such, we conclude that the 60-day Statute of Limitations of Executive Law § 818 (1) began to run no later than March 7, 1996, when Essex County acknowledged receipt of the February 29, 1996 letter. Thus, the proceeding, commenced on May 16, 1996, was untimely with respect to so much of petitioners' claim as was focused upon the APA's assertion of jurisdiction.

Although we cannot subscribe to the reasoning underlying Supreme Court's dismissal of petitioners' second and third causes of action, we agree with respondents that those causes of action were also untimely interposed. The essential thesis underlying those causes of action against the APA is that (1) under the terms of the Memorandum of Understanding, the filing of the permit application with DEC also constituted the filing of an application with the APA, (2) that application, filed on December 4, 1995, was deemed complete as to the APA 15 days thereafter (*see,* Executive Law § 809 [2] [b]), (3) the APA did not schedule a hearing within 60 days of application completeness and was thereafter precluded from doing so, (4) the APA could not thereafter deny the application because, pursuant to Executive Law § 809 (3) (d), "[n]o project may be disapproved without a public hearing first being held thereon", and (5) pursuant to Executive Law § 809 (6) (a), the APA was compelled to issue the permit upon proper demand made 90 days after the application was deemed complete. However, it is undisputed that the APA's February 29, 1996 letter unequivocally advised petitioners, first, that the application submitted to DEC did not in and of itself constitute an application to the APA and, second, that the APA's "regulatory time clock" had not yet begun to run. Regardless of the correctness of those conclusions, there can be little question that with the transmittal of its February 29, 1996 letter, the APA "had come to 'a definitive position' that caused 'an actual, concrete injury' " (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:7, at 42, quoting *Matter of Dozier v New York City*, 130 AD2d 128, 133; *see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *supra*) that could not be "prevented or significantly ameliorated by further administrative action"

(*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985). Thus, as with the first cause of action, the controversy was ripe for review and the 60-day Statute of Limitations commenced with respect to the second and third causes of action no later than March 7, 1996.

Petitioners' remaining contentions require little discussion. In view of the APA's determination to assert jurisdiction over the permit application and Essex County's refusal to accede to the APA's further application requirements, DEC was precluded from issuing a permit. Accordingly, the causes of action asserted against it fail to state a cause of action. Finally, petitioners not having "prevail[ed] in whole or in substantial part" (CPLR 8602 [f]), there is no basis for the sixth cause of action under CPLR article 86, the New York State Equal Access to Justice Act.

White, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.