■ In the Matter of MARILYN WECHSLER et al., Appellants, v NEW YORK STATE ADIRONDACK PARK AGENCY, Respondent. [925 NYS2d 247]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered April 9, 2010 in Franklin County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner Marilyn Wechsler is the record owner of certain real property located on Loon Lake in Franklin County, where she resides with her husband, petitioner Milton Wechsler. The property, which is located within an area of the Adirondack Park classified as low intensity use, is improved by a preexisting dock and single-family residence, the latter of which is located approximately 20 feet from the mean high-water mark of the lake at the dwelling's closest point. In 2007 and 2008, petitioners constructed a gabion[1] wall along the shoreline of the property. The wall, which was 150-feet long, three-feet high and three-feet wide, was capped by decking and included two wooden

---

1. A gabion is a metal basket or cage filled with rocks and sunk in water that is used in building a support or foundation—here, a wall (*see* Random House Webster's Unabridged Dictionary 780 [2d ed 1998]).

staircases leading to the residence. In conjunction therewith, petitioners also constructed additional and adjacent accessory structures, including rock walls, a stone patio and a parking area. All of this work was undertaken without a variance from respondent (see Executive Law § 806 [3] [a]).

Following unsuccessful attempts to resolve what it deemed to be petitioners' violation of Executive Law § 806, respondent served petitioners with a cease and desist order and, thereafter, a notice of apparent violation. Administrative proceedings ensued, at the conclusion of which respondent issued a determination in May 2009 finding that petitioners violated the statute by building an "inter-connected accessory structure, composed of the gabion wall and backfill, staircases, patio[ ] and additional stone walls and fill . . . greater than 100 square feet in size" within 75 feet of the mean high-water mark (see Executive Law § 806 [1] [a] [2]). Respondent also found that petitioners violated the statute by removing more than 30% of the shoreline vegetation within six feet of the mean high-water mark along the entire length of the gabion wall (see Executive Law § 806 [1] [a] [3] [b]). As to remedy, respondent imposed a fine and directed, among other things, that petitioners remove the gabion wall and the other inter-connected accessory structures from the setback area and relocate the parking area.

In September 2009, petitioners commenced this CPLR article 78 proceeding alleging that respondent lacked jurisdiction over the underlying project because the gabion wall was built entirely within Loon Lake and, further, there was no proof that any accessory structure built within the shoreline setback exceeded 100 square feet in size. Respondent answered and moved to dismiss the proceeding as time-barred by the 60-day statute of limitations set forth in Executive Law § 818 (1), and petitioners, in turn, cross-moved for leave to amend their petition to seek a writ of prohibition. Supreme Court granted respondent's motion to dismiss and denied petitioners' cross motion for leave to amend, prompting this appeal.[2]

Petitioners do not dispute that their original petition was properly dismissed as time-barred. Rather, they assert that because their proposed amended petition expressly contested respondent's jurisdiction to act in the first instance, their challenge to the underlying determination lies in the nature of prohibition (see CPLR 7803 [2]), "for which it has been suggested

---

2. On appeal, petitioners have not addressed the alleged constitutional, equal protection and Americans with Disabilities Act violations advanced in their original petition. Accordingly, we deem these claims to be abandoned (see Country Club Partners, LLC v Goldman, 79 AD3d 1389, 1390 n [2010]).

there is no [s]tatute of [l]imitations" (*Matter of Westage Dev. Group v White*, 149 AD2d 790, 792 [1989], *lv denied* 74 NY2d 609 [1989]). Thus, the argument continues, their cross motion for leave to amend should have been granted. There are numerous flaws in this argument—not the least of which being that petitioners' entire jurisdictional claim is nothing more than a belated attempt to challenge the factual findings made and legal conclusions reached by respondent in the context of the underlying administrative proceeding.

"While leave to amend pleadings is generally freely given, such determination necessarily rests within the sound discretion of the trial court and, absent a clear abuse of that discretion, will not be lightly cast aside" (*Duquette v Oliva*, 75 AD3d 727, 727-728 [2010] [internal quotation marks and citations omitted]; *see Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1444 [2010]; *Pagan v Quinn*, 51 AD3d 1299, 1300 [2008]). Here, with one exception, the amended petition simply reiterates the very arguments raised in the original petition. As this Court previously has held, merely restating or rehashing arguments previously advanced "does not provide an adequate basis for granting the requested relief" (*Matter of Miller v Goord*, 1 AD3d 647, 648 [2003]; *see Iovinella v General Elec. Credit Corp.*, 79 AD2d 748, 749 [1980], *appeal dismissed* 53 NY2d 937 [1981], *lv denied* 53 NY2d 607 [1981]; *see also Kassover v PVP-GCC Holdingco II, LLC*, 73 AD3d 626, 629 [2010], *lvs dismissed* 15 NY3d 820, 821 [2010]).

Further, although couched in terms of prohibition, petitioners' challenge to respondent's jurisdiction actually lies in the nature of certiorari and, as such, is subject to the 60-day statute of limitations set forth in Executive Law § 818 (1) (*see Matter of Vanbuskirk v Adirondack Park Agency*, 164 AD2d 437, 440 [1990]; *see also Matter of Essex County v Zagata*, 238 AD2d 796, 797-798 [1997], *mod* 91 NY2d 447 [1998]; *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 818 [1995]; *cf. Matter of Westage Dev. Group v White*, 149 AD2d at 792). In this regard, a party cannot resort to the extraordinary writ of prohibition "to excuse noncompliance with a statutorily defined time limitation" (*Matter of City of New York v New York State Dept. of Envtl. Conservation*, 89 AD2d 274, 277 [1982]; *see Matter of Westage Dev. Group v White*, 149 AD2d at 792). As petitioners failed to commence this proceeding within 60 days of respondent's May 2009 determination, the claims set forth in their original petition (and subsequently repeated in their proposed amended petition) were properly dismissed as time-barred (*see* Executive Law § 818 [1]; *Matter of Aubin v State of New York,*

282 AD2d 919, 922 [2001], *lv denied* 97 NY2d 606 [2001]; *Matter of Essex County v Zagata*, 238 AD2d at 798; *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d at 818-819). We reach a similar conclusion regarding the one new claim asserted in the proposed amended petition—namely, that respondent lacked jurisdiction over petitioners' driveway/parking area—as such challenge also was raised well beyond the applicable statute of limitations period. Accordingly, Supreme Court properly denied petitioners' cross motion for leave to amend their petition.

Finally, as to petitioners' assertion that respondent lacked the authority to order remediation of the site, this claim—raised for the first time on appeal—is equally time-barred. Petitioners' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.