■ In the Matter of FEDERATION OF MENTAL HEALTH CENTERS, INC., Appellant, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. FEDERATION OF MENTAL HEALTH CENTERS, INC., Appellant, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [712 NYS2d 667] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), entered April 30, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition as, *inter alia*, untimely, and (2) from an order of said court, entered August 9, 1999 in Albany County, which, *inter alia*, granted defendants' cross motion to dismiss the complaint on the ground that the action was not ripe for judicial intervention.

Federation of Mental Health Centers, Inc. (hereinafter petitioner) is a not-for-profit corporation comprised of 22 licensed and certified mental health providers located in New York City. Also involved in these appeals are respondents State Commissioner of Health and State Commissioner of Mental Health (hereinafter collectively referred to as the State respondents) and respondent New York City Commissioner of Mental Health, Mental Retardation and Alcoholism Services (hereinafter the City respondent). Petitioner challenged respondents' actions with regard to certain regulations (14 NYCRR parts 588, 592) which pertain to the designation of, and reimbursement procedures for, outpatient mental health providers under New York's Medicaid plan, which is administered by the Commissioner of Health. The regulations in 14 NYCRR part 588 set forth standards and reimbursement rates for Medicaid payments to outpatient programs providing services to the mentally ill. 14 NYCRR part 592, enacted as an emergency measure on July 1, 1991, establishes criteria for designation as a comprehensive outpatient program (hereinaf-

ter COP) and the Medicaid reimbursement rate therefor. A designated COP receives supplemental Medicaid reimbursement in addition to payments under 14 NYCRR part 588 (14 NYCRR 592.8 [a]). For the period commencing July 1, 1998 the City respondent designated some 70 mental health providers in New York City as COPs, only two of which are members of petitioner, and the Commissioner of Mental Health certified supplemental Medicaid reimbursement rates effective that date.

On October 29, 1998 petitioner commenced a CPLR article 78 proceeding against respondents, setting forth six causes of action. The first five challenged 14 NYCRR part 592, claiming: first, that its provisions are unlawful and contrary to law by failing to comply with Federal Medicaid law (see, 42 USC § 1396a [a] [30] [A]), second, that respondents' designations and certification of Medicaid reimbursement rates under 14 NYCRR part 592 were arbitrary, capricious and irrational, third, that its provisions impeded the goal of Federal Medicaid law to provide equal medical assistance to all recipients (see, 42 USC § 1396a [a] [10]) and violated State Administrative Procedure Act § 202-a by promoting inefficiency, fourth, that its provisions created an unreasonable regulatory distinction thereby violating the constitutional right of equal protection (see, US Const, 14th Amend, § 1), and fifth, that its provisions violated the Due Process Clause (see, id.). The sixth cause of action alleges that 14 NYCRR part 588 was inconsistent with the stated purpose of the Federal Medicaid law to provide efficiency, economy and quality of care (see, 42 USC § 1396a [a] [30] [A]).

The State respondents moved to dismiss the petition (see, CPLR 7804 [f]) on the grounds that petitioner lacked standing, that the petition was time barred and that the petition failed to state a cause of action. The City respondent cross-moved for dismissal for failure to state a cause of action. Supreme Court found that petitioner demonstrated the requisite standing to bring the proceeding, then dismissed all or part of the first five causes of action as time barred, and those parts not time barred for failure to state a cause of action. The sixth cause of action was dismissed for failure to state a cause of action, because the petition and supporting papers lacked sufficient factual allegations to support the conclusory averments therein. Petitioner appeals.

Petitioner also brought a declaratory judgment action against the same respondents during the pendency of the CPLR article 78 proceeding which challenged the implementation of New

York City's Mandatory Medicaid Managed Care Program and sought injunctive relief. The causes of action claimed that respondents' actions: first, violated the Equal Protection Clause of the Federal Constitution (*see*, US Const, 14th Amend, § 1), second, violated principles of Federal substantive due process (*see*, *id.*), third, were inconsistent with Federal Medicaid law (*see*, 42 USC § 1396a [a] [30] [A]), fourth, were inconsistent with the mandate of State Administrative Procedure Act § 202-a, fifth, were preempted by Federal law, and sixth violated both Federal and State antitrust/restraint of trade laws.

Petitioner moved for a preliminary injunction and respondents cross-moved for dismissal of the complaint on several grounds including petitioner's lack of standing, the pendency of the CPLR article 78 proceeding, failure to state a cause of action and that the action was premature and not ripe for judicial review. Supreme Court denied the motion for a preliminary injunction and dismissed the complaint, finding that the issues were not ripe for judicial review. Petitioner has appealed from that dismissal, which was consolidated with the appeal in the CPLR article 78 proceeding by order of this Court.

Initially, we affirm Supreme Court's dismissal of the CPLR article 78 proceeding. Petitioner's first five causes of action challenge 14 NYCRR part 592 which, as previously noted, was enacted as an emergency measure effective July 1, 1991.[1] This proceeding was commenced October 29, 1998.[2] In review of Supreme Court's finding that all or part of the first five causes of action were time barred, our analysis of the applicable limitations period begins with the claims and nature of the relief sought (*see*, *Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 929). A legislative enactment must be challenged in an action for a declaratory judgment (*see*, *Matter of Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348) with its six-year Statute of Limitations (*see*, CPLR 213 [1]), while a quasi-legislative act of an administrative agency requires CPLR article 78 review (*see*, *New York City Health & Hosps. Corp. v*

---

1. The historical note to 14 NYCRR part 592 recites that this part was filed April 1, 1991, June 28, 1991, August 27, 1991 (as an emergency measure) and on October 2, 1991, effective October 23, 1991.

2. Petitioner's argument that the proceeding could have been converted to a declaratory judgment action with the longer six-year Statute of Limitations is unavailing as it is clear from the record that this proceeding was commenced more than six years after the effective date of 14 NYCRR part 592, which commenced the limitation period (*see*, *Matter of New York State Rehabilitation Assn. v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 237 AD2d 718, 721; *see also*, *Solnick v Whalen*, 49 NY2d 224, 229-230).

*McBarnette*, 84 NY2d 194, 204) which has a four-month limitations period (*see*, CPLR 217).

We find Supreme Court correctly determined that the enactment of 14 NYCRR part 592 in 1991 was quasi-legislative, requiring application of the four-month Statute of Limitations, and that those portions of the first five causes of action in the petition which challenged the 1991 enactment were untimely. Petitioner's attempt to couch the fourth and fifth causes of action in constitutional equal protection and due process terms does not avoid the application of the four-month Statute of Limitations, as "the essence of [petitioner's] challenge [was] to the specific actions of an administrative agency" (*Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, 830, *appeal dismissed and lv denied* 91 NY2d 948). We also note that petitioner, as a medical provider, has no assertable property interest here (*see*, *Matter of Rye Psychiatric Hosp. Ctr. v State of New York*, 177 AD2d 834, 835, *lv denied* 80 NY2d 751), which is necessary to sustain such a constitutional challenge. To the extent the first five causes of action could be perceived as challenging the July 1, 1998 COP designations by the City respondent for the year and the State respondents' certification of the supplemental reimbursement rate for that program, and therefore timely commenced, we agree and uphold both the rationale and determination of Supreme Court that together with the sixth cause of action each failed to state a cause of action.[3]

We also reject petitioner's claim that they suffered and continue to suffer a "continuing harm" from the enactment and implementation of 14 NYCRR part 592. Here, the harm alleged by petitioner emanates from the distinct act of the enactment of 14 NYCRR part 592. To allow an alleged continuing harm which flows from a fully completed, separate, discrete act to infinitely extend the Statute of Limitations, as petitioner seeks here, would vitiate the purpose underlying the limitations period, especially here where the delivery of vital government services is at issue (*see*, *Solnick v Whalen*, 49 NY2d 224, 232, *supra*; *Matter of New York State Conference of Blue Cross & Blue Shield Plans v Cooper*, 173 AD2d 60, 63).

Petitioner's sixth cause of action claimed that the reimbursement rates of 14 NYCRR 588.13 are inconsistent with efficiency, economy and quality of care in that they are insufficient

---

3. We note that petitioner's brief does not address Supreme Court's dismissal of those portions of the first five causes of action in the petition that were not time barred for failure to state a cause of action, which may be considered tantamount to abandonment of that issue (*see*, *Lamphear v State of New York*, 91 AD2d 791).

to enlist enough providers to furnish care and services to the extent available to the general population, and points to the enactment of 14 NYCRR part 592 providing *supplemental* Medicaid reimbursement to COPs participants as evidence of this inadequacy. Petitioner argues that Supreme Court applied an unduly harsh standard in finding the petition and papers submitted in support thereof "devoid of factual allegations that would support [the] conclusory allegation" that solely by providing a supplemental reimbursement program, respondents recognized the reimbursement provided in 14 NYCRR part 588 violated Federal law. We disagree.

A motion to dismiss a CPLR article 78 proceeding for failure to state a cause of action requires the reviewing court to assume the truth of the allegations in the petition, consider them in their most favorable light and not consider the allegations in support of the motion (*see, Matter of Ostrowski v County of Erie*, 245 AD2d 1091; *Matter of Parisella v Town of Fishkill*, 209 AD2d 850, 851). We agree with Supreme Court that petitioner's supporting affidavits and exhibits setting forth variations in mental health provider costs and other data failed to support what can be best described as the conclusory allegation in petitioner's sixth cause of action, which will not survive even a motion to dismiss (*see, e.g., Weimer v City of Johnstown*, 249 AD2d 608, 610, *lv denied* 92 NY2d 806).

Next, we affirm Supreme Court's dismissal of the complaint in the declaratory judgment action. The record reflects that respondents followed the necessary steps to secure approvals for a program of managed care for Medicaid services in New York City under the New York Medicaid Managed Care Act of 1996 (L 1996, ch 649). The proposed program, entitled the Partnership Plan, included the Mental Health Special Needs Program which requires Federal approval which had not been finally secured as of the commencement of this action. Respondents propounded a draft "Request for Proposals" for possible service providers which demonstrated that despite implementation of a managed care program, a COP provider would receive reimbursement under the Special Needs Program (managed care) and the supplemental reimbursement authorized under the COP system. Petitioner thereafter commenced this action.

Supreme Court found that petitioner's causes of action were predicated on administrative determinations not yet made, including final Federal approval of the overall plan and issuance of a final request for proposals, and thus were not yet ripe for judicial review. The concept of "ripeness" holds that a "controversy cannot be ripe if the claimed harm may be

prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985). A claim contingent on events which may not occur should be dismissed as nonjusticiable (*see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 240). We must determine whether the issues " 'are appropriate for judicial resolution, and * * * assess the hardship to the parties if judicial relief is denied' " (*Church of St. Paul & St. Andrew v Barwick, supra*, at 519, quoting *Toilet Goods Assn. v Gardner*, 387 US 158, 162; *see, Matter of Hospital Assn. v Axelrod*, 164 AD2d 518, 525).

Applying these standards here, we find that Supreme Court's dismissal of the complaint was proper. At the time this action was commenced no final request for proposal had been approved by the involved Federal agency or even circulated by the State respondents.[4] Petitioner's claim that cost would be the determining factor in order to become a service provider under the new program is wholly speculative, as is their contention that the current COP providers would indeed underbid petitioner's members seeking to become service providers. On this record, the granting of injunctive relief or continuation of a not-yet-justiciable controversy would be tantamount to an advisory opinion, which we are instructed is "a practice not in accord with the settled policy in this State" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo, supra*, at 240-241, n 2).

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

4. Petitioner attached a portion of the final "Request for Proposals" issued July 19, 1999 as an appendix to its brief. That document is outside the record and may not be considered by us (*see, Topal v Pace Univ.*, 167 AD2d 387).