■ In the Matter of HOWARD AUBIN et al., Appellants, v STATE OF NEW YORK et al., Respondents. [724 NYS2d 84] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Lamont, J.), entered July 12, 2000 in Albany County, which, in a

combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, granted respondents' motions to dismiss the petition/complaint and amended petition/complaint as, *inter alia*, untimely.

This combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenges the July 1999 acquisition of 29,000 acres of forest land, together with a conservation easement over an additional 110,000 acres of forest land, located in the Adirondack Park in the Counties of Franklin, St. Lawrence, Lewis and Herkimer. The acquisition was approved by respondent Adirondack Park Agency (hereinafter the APA), and the transaction was facilitated by respondent Conservation Fund, which acquired the property from respondent Champion International Corporation. The Conservation Fund then deeded the fee interest and conservation easement to respondent State of New York and Champion. Champion, in turn, deeded title to that portion of the land subject to the easement to Heartland Forestland Fund III, LP.

This matter was commenced in October 1999 against various State[1] and private respondents[2] seeking, *inter alia*, to void the underlying transaction and an award of money damages. In December 1999, prior to serving respondents, the petition/complaint was amended to add and delete certain petitioners. Petitioners thereafter served both the original and amended petition/complaint upon respondents between December 22, 1999 and January 11, 2000. The State respondents then moved to dismiss the petitions/complaints asserting various affirmative defenses including, *inter alia*, lack of standing, lack of jurisdiction, Statute of Limitations and failure to state a cause of action. The private respondents sought similar relief, and petitioners cross-moved seeking application of the relation back doctrine with respect to the filing of the amended petition/complaint. Supreme Court granted respondents' respective motions, prompting this appeal by petitioners.

We affirm. Initially we agree that this matter should be treated as a single action/proceeding. The amended petition/complaint, which was amended and served within 20 days of service of the original (*see*, CPLR 3025 [a]; 305 [a]; 1003), arises

---

1. The named State respondents are the State, the Department of Environmental Conservation and its commissioner, the APA, the Office of Real Property Services, the Comptroller and the Director of the Budget (hereinafter collectively referred to as the State respondents).

2. The named private respondents are Champion, the Conservation Fund and the Forestland Group (hereinafter collectively referred to as the private respondents).

from the same transaction or occurrence as the original petition/complaint and, as such, should relate back thereto (*see*, CPLR 203 [f]). For the reasons that follow, however, we also agree that the underlying action/proceeding was properly dismissed in its entirety.

Where, as here, a party seeks both CPLR article 78 relief and declaratory judgment, the latter of which is not governed by a particular limitations period, we must examine the substance of the underlying claim and determine " 'whether the rights the parties are seeking to have adjudicated in the declaratory judgment action could have been raised in an action or proceeding having a statutorily prescribed limitation period' " (*Matter of Save the Pine Bush v Town Bd.*, 272 AD2d 689, 691, quoting *Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 929). If that inquiry is answered in the affirmative, the specific limitations period identified will govern rather than the catch-all limitations period set forth in CPLR 213 (1).

An examination of the amended petition/complaint reveals that petitioners have alleged, *inter alia*, that the analysis by respondent Department of Environmental Conservation (hereinafter DEC) under the State Environmental Quality Review Act (ECL art 8) was inadequate (first cause of action), the acquisition of the subject land violated State constitutional home rule provisions by eroding the tax bases of the affected towns (second cause of action), the conservation easements violated NY Constitution, article XIV, § 1 (third cause of action), DEC improperly circumvented statutory provisions permitting municipalities to veto land acquisition projects (fourth cause of action), the State failed to publically account for the costs incurred in the acquisition and may have paid more than the fair market value of the land (fifth cause of action), DEC failed to analyze the economic impact of the acquisition upon the local hunting clubs and communities (sixth cause of action), "respondents" interfered with plaintiffs' contractual and property rights (seventh cause of action), the State respondents have mismanaged Environmental Bond Act funds (eighth cause of action) and, finally, the State respondents have acted in excess of their legislative authority (ninth cause of action). As the allegations set forth in the first, fourth, sixth, eighth and ninth causes of action all relate to various procedural defects in the administrative process by which the State ultimately acquired the fee interest and conservation easement, such claims are properly subject to CPLR article 78 review. We reach a similar conclusion with respect to the second and third causes of action. Although couched in

constitutional terms, the "essence" of petitioners' challenge is directed at the specific acts of the administrative agencies involved and, as such, these causes of action are properly reviewable in the context of a CPLR article 78 proceeding (*see, Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560).

Turning to the specific limitations periods at issue, petitioners' CPLR article 78 claims against the APA are governed by the 60-day Statute of Limitations set forth in Executive Law § 818 (1) (*see*, CPLR 217 [1]). As to the remaining respondents, the four-month Statute of Limitations governs (*see, id.*). Here, the challenged administrative determination became final and binding on July 1, 1999, the date upon which the acquisition permits issued by the APA were filed, thereby triggering the respective Statutes of Limitations (*see generally, Egan v Niagara Mohawk Power Corp.*, 214 AD2d 850, 852, *lv denied* 86 NY2d 705). As petitioners commenced this action/proceeding on October 28, 1999, the claims against the APA were time barred but, contrary to Supreme Court's finding, the claims against the remaining respondents were timely commenced.

The foregoing conclusion affords no relief to petitioners, however, as we agree that the petition/complaint was properly dismissed because it was not timely served. Pursuant to CPLR 306-b, service of such pleading must be made no later than 15 days after the date upon which the Statute of Limitations expires, unless good cause is shown or the court extends the time for service in the interest of justice. Here, the four-month Statute of Limitations expired on November 1, 1999 and service, at the absolute earliest, was not made until December 22, 1999, well beyond the 15-day period. As the record discloses no basis for invoking either the "good cause" or "interest of justice" exception, such causes of action are dismissed on this basis.

Finally, we turn to the dismissal of petitioners' fifth and seventh causes of action. Assuming, without deciding, that such claims survive the remaining procedural challenges raised by respondents, we are of the view that the conclusory and unsubstantiated allegations set forth in the fifth cause of action are insufficient to survive a motion to dismiss. As to the seventh cause of action, we find that Supreme Court lacked subject matter jurisdiction over such claim. Petitioners' remaining arguments have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.