■ BENJAMIN I. WECHSLER, Appellant, v STATE OF NEW YORK et al., Respondents. [726 NYS2d 760] —Carpinello, J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered March 10, 2000 in Sullivan County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Over a decade ago, defendant Department of Environmental Conservation (hereinafter defendant) determined to acquire land owned by plaintiff in the Towns of Forestburg and Thompson in Sullivan County, as well as plaintiff's hunting, fishing and trapping easements over an adjacent parcel of State land. Plaintiff unsuccessfully sought to challenge these acquisitions in a proceeding pursuant to EDPL article 2, which was finally concluded by an October 18, 1990 decision by the Court of Appeals (*Matter of Wechsler v New York State Dept. of Envtl.*

*Conservation*, 153 AD2d 300, *affd* 76 NY2d 923). In September 1993, shortly before the expiration of the three-year period in which these acquisitions could be accomplished (*see*, EDPL 401 [A]), defendant advised plaintiff of its intention to acquire only the easements. An acquisition map was filed in the Sullivan County Clerk's Office on October 12, 1993 vesting title to the easements in defendant State of New York.

On February 16, 1994, plaintiff commenced an action in the Court of Claims seeking monetary, declaratory and/or injunctive relief based upon the acquisition of only plaintiff's easements and not the adjacent parcel of land. That portion of the claim seeking declaratory and/or injunctive relief was dismissed and, within six months of the dismissal, plaintiff commenced this action for declaratory and injunctive relief. After joinder of issue, the parties cross-moved for summary judgment, which was granted to defendants based upon their Statute of Limitations defense. Plaintiff appeals.

In determining the limitations period applicable to a case of this nature, " 'we must look to the underlying claim and the nature of the relief sought to ascertain whether the rights the parties are seeking to have adjudicated in the declaratory judgment action could have been raised in an action or proceeding having a statutorily prescribed limitation period' " (*Matter of Save the Pine Bush v Town Bd.*, 272 AD2d 689, 691, quoting *Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 929; *see*, *Solnick v Whalen*, 49 NY2d 224, 229). Where the parties' claims could have been litigated in an action or proceeding which has a specific limitations period, "then that period limits the time for commencement of the declaratory judgment action" (*Solnick v Whalen, supra*, at 230). Thus, plaintiff's argument that a declaratory judgment action is an appropriate remedy for his claim is irrelevant.* The relevant inquiry is whether plaintiff's claim could have been litigated in an action or proceeding other than a declaratory judgment action. If so, and if the limitations period for an action or proceeding in that form had already expired when this action was commenced, "the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201).

---

\* In addition to describing the action as one for a declaratory judgment, plaintiff's complaint refers to RPAPL article 15. On this appeal, however, plaintiff does not claim that the RPAPL article 15 aspect of the action determines the relevant Statute of Limitations. Rather, he focuses on the declaratory judgment aspect of his action and apparently seeks application of the six-year catch-all limitations period (*see*, CPLR 213 [1]).

Plaintiff's action is premised on the claim that defendant lacked the authority to take less of plaintiff's property than that described in the original proposed acquisition plan. According to plaintiff's brief, his claim is "grounded in the constitutionality and legality of [defendant's] unauthorized taking of his reserved rights without affording him any of the procedural protections articulated in the statute implementing the [S]tate's power to acquire property by eminent domain." The claim essentially asserts that defendant's determination to take only plaintiff's easements and not his adjacent parcel of land was affected by an error of law, a claim which is subject to review in a CPLR article 78 proceeding (*see*, CPLR 7803 [3]; *Matter of Aubin v State of New York*, 282 AD2d 919).

To the extent that plaintiff contends that he is actually seeking review of a "legislative function," we find such contention unavailing. There is a "critical distinction between true 'legislative' acts of legislative bodies and the quasi-legislative acts of administrative bodies" (*New York City Health & Hosps. Corp. v McBarnette*, *supra*, at 203 n 1). The latter are subject to CPLR article 78 review (*see*, *id.*, at 204), while the former are not (*see*, *Matter of Frontier Ins. Co. v Town Bd.*, *supra*, at 929). Defendant is not a legislative body and was acting in its capacity as an administrative agency in making the challenged determination which, therefore, is subject to CPLR article 78 review (*see*, *Schultz v Town Bd.*, 253 AD2d 956, *appeal dismissed* 93 NY2d 847, *lv denied* 93 NY2d 808).

Next, we agree with Supreme Court that the four-month Statute of Limitations (*see*, CPLR 217) began to run upon the October 12, 1993 filing of the acquisition map in the Sullivan County Clerk's office. The filing completed the acquisition and vested title to the easements in the State (*see*, EDPL 402 [A] [3]). Accordingly, plaintiff was aggrieved and defendant's determination became final and binding at this time (*see*, *Matter of Aubin v State of New York*, *supra*). We reject plaintiff's argument that the Statute of Limitations did not begin to run until the October 18, 1993 expiration of the three-year period for completion of the acquisition. Even assuming that after filing the acquisition map but prior to the expiration of the three-year period defendant could have reconsidered its determination to take only the easements and opted instead to take all of the property included in the original acquisition plan, an administrative agency's authority to reconsider does not extend the Statute of Limitations with regard to a determination that is otherwise final and binding (*see generally*, *Matter of Hunt Bros. Constrs. v Glennon*, 214 AD2d 817). Since Supreme Court

correctly granted summary judgment to defendants dismissing the complaint as untimely, its judgment is affirmed.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.