■ In the Matter of PECKHAM MATERIALS CORPORATION, Respondent, v WESTCHESTER COUNTY et al., Appellants. [756 NYS2d 594] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review certain air quality provisions of Westchester County Sanitary Code articles 13 and 21, and an action for a judgment declaring, among other things, that these provisions are unconstitutional, the appeal is from an order of the Supreme Court, Westchester County (Perone, J.), entered June 27, 2001, which converted the hybrid proceeding and action solely to an action for a declaratory judgment and denied the motion to dismiss the complaint. Justice McGinity has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified by (1) deleting the provision thereof converting the hybrid proceeding and action solely to an action for a declaratory judgment and (2) deleting the provision thereof denying those branches of the motion which were to dismiss the first and the third through ninth causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellants.

In this hybrid proceeding and action, Peckham Materials Corporation (hereinafter Peckham) sought to annul certain air quality provisions of Westchester County Sanitary Code, article 13, § 873.1301 *et seq.*, and article 21, § 873.2109, referred to as the Air Fee Program (hereinafter the Program). Peckham claimed, inter alia, that the Program was an illegal tax, unconstitutional, and inconsistent with the Environmental Conservation Law. Peckham operates facilities which are charged emission fees under the Program. The appellants in the proceeding (hereinafter referred to collectively as the County) moved to dismiss the petition on the ground that it failed to state a cause of action and was barred by the statute of limitations.

The Supreme Court erred in converting the hybrid proceeding and action solely to an action for a declaratory judgment and in denying those branches of the County's motion which were to dismiss the first and third through ninth causes of action. The proceeding seeks to annul the Program, which was enacted by the County's Board of Health pursuant to its authority under Public Health Law § 347 (1) (*see* Westchester County Charter § 149.21). As such, the Program is a quasi-legislative act of an administrative body, rather than an act promulgated by a legislative body (*see New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194 [1994]). Accordingly,

Peckham's challenges to the Program are reviewable in a proceeding pursuant to CPLR article 78 and the four-month statute of limitations applies (*see New York City Health & Hosp. Corp. v McBarnette, supra; Federation of Mental Health Ctrs. v DeBuono,* 275 AD2d 557 [2000]).

Peckham's claims set forth in the first and third through ninth causes of action are clearly time-barred. This matter was commenced in February 2000. Program § 873.1301 was enacted in 1987 and amended in 1993, and Program § 873.2109 was enacted in 1991 and amended in 1993. The fact that Peckham couched its claims in constitutional terms does not avoid the application of the four-month statute of limitations (*see Federation of Mental Health Ctrs. v DeBuono, supra*). Peckham's claims regarding the emission fees it was required to pay under the program from 1991 through 1999 were also time-barred, as even the 1999 fees were imposed well over four months before the proceeding was commenced. Therefore, the County's motion to dismiss the proceeding as time-barred should have been granted with respect to all the causes of action except the second cause of action.

In the second cause of action, Peckham alleged that the County failed, inter alia, to maintain the records required pursuant to Public Health Law § 606 and relevant regulations with respect to its administration of the Program. The County failed to establish that this cause of action was time-barred, and did not demonstrate that the allegations failed to state a viable cause of action. Accordingly, the Supreme Court properly denied the County's motion insofar as it sought dismissal of the second cause of action. ·

The parties' remaining contentions are without merit. Feuerstein, J.P., Smith, McGinity and Goldstein, JJ., concur.