■ In the Matter of MICHAEL PURCELL, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [805 NYS2d 441]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered December 15, 2004 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, declare certain regulations of respondent invalid.

In 1976, petitioner was sentenced to concurrent prison terms of 20 years to life and 0 to 15 years upon his conviction of murder in the second degree and arson in the second degree. Subsequent to the most recent denial by the Board of Parole of petitioner's request for release to parole supervision, petitioner commenced this combined proceeding/action seeking a declaration that Executive Law § 259-i (1) (a) and 9 NYCRR 8001.1, 8001.2 and 8001.3 were invalidated when Penal Law § 70.00 (3) (c) was repealed by legislative amendment in 1980. Supreme Court dismissed petitioner's application, and petitioner now appeals.

Initially, we note that petitioner's application is not barred by the statute of limitations. Inasmuch as petitioner challenges the validity of regulations promulgated by respondent, the four-month statute of limitations for CPLR article 78 proceedings is applicable (*see* CPLR 217; *Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 559 [2000]). Petitioner commenced this proceeding/action within four months of the denial by the Board of his request for parole, which was based in part upon consideration of the guidelines set forth in the challenged regulations.

With regard to the merits, we recently addressed the same contention now raised by petitioner and held that the 1980 amendment to Penal Law § 70.00 (3) did not repeal Executive Law § 259-i (1) nor did it have any effect on other subdivisions of the statute or the guidelines found in 9 NYCRR 8001.3 (*Mat-*

*ter of Rivera v Travis*, 23 AD3d 942 [2005]). Accordingly, these statutory and regulatory provisions remain valid and are properly considered by the Board in making its determinations (*id.*).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.