In the Matter of SHELDON B. FEINER et al., Appellants, v NEW YORK STATE OFFICE OF REAL PROPERTY SERVICES et al., Respondents. [807 NYS2d 452]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered May 11, 2005 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition for lack of subject matter jurisdiction.

Petitioners, residents of the Town of New Castle, Westchester County, are taxpayers within respondent Ossining Union Free School District, which encompasses parts of respondents Town of New Castle, Town of Ossining and Town of Yorktown, all in Westchester County. In 2004, West End Neighborhood Taxpayers (hereinafter WENT), an incorporated association in which

petitioners are members, filed an application with the Board of Real Property Services (hereinafter Board) for a "segment special equalization rate" pursuant to RPTL 1314, for that part of the Town of New Castle located within the school district. Also, the Town of New Castle submitted an application to the Board for a segment special equalization rate for that portion of the Town of Ossining within the school district. Both requests were analyzed by respondent Office of Real Property Services (hereinafter ORPS), which recommended to the Board the establishment of a segment special equalization rate for the Town of New Castle segment, but not for the Town of Ossining segment. Following a meeting at which all parties were afforded an opportunity to be heard, the Board adopted the recommendations made by ORPS. Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment contending that the 2004 special equalization rate for the Town of New Castle segment was insufficient to remedy the disparity within the school district since the special equalization rate was based only on a consideration of real property values within the Town of New Castle without considering the real property values in the balance of the school district. Petitioners appeal from Supreme Court's dismissal of the petition for lack of subject matter jurisdiction.

We affirm. RPTL 1218 provides: "A final determination of the state board relating to state equalization rates may be reviewed by the appellate division of the supreme court in the manner provided by [CPLR article 78] upon application of the county, city, town or village for which the rate or rates were established." The plain language of the statute mandates that a CPLR article 78 proceeding to review a determination of the Board relating to equalization rates be instituted in the Appellate Division, and if commenced in the wrong court, it is properly dismissed (*see e.g. Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *Matter of Reitman v Sobol*, 225 AD2d 823, 824 [1996]; *Matter of Pollak v Mogavero*, 114 AD2d 640, 640-641 [1985]). Petitioners' claim that the statute applies only to governmental bodies and not to individuals is unavailing. RPTL 1218 is "the sole statute authorizing judicial review of equalization rates" (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 42 [2005]). Accordingly, Supreme Court properly dismissed the petition for lack of subject matter jurisdiction.

Moreover, were we to grant petitioners' request that subject matter jurisdiction be transferred to this Court, we would still dismiss because "individual taxpayers lack standing to chal-

lenge the methodology the Board used to calculate equalization rates" (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 7 AD3d 934, 936 [2004], *affd* 5 NY3d 36 [2005]), and the petition fails to state a cause of action that the Board erred in computing the rate for the Town of New Castle segment. Petitioners allege that the Board erred by failing to compare properties in the Town of New Castle segment with allegedly undervalued properties in the Town of Ossining. The correct comparison, made by the Board, was between properties in the Town of New Castle within the school district with properties in the Town of New Castle outside the school district (*see* RPTL 1314 [2]; *see also Matter of Wisseman v New York State Bd. of Equalization & Assessment*, 212 AD2d 196 [1995], *lv denied* 87 NY2d 804 [1995]). We find petitioners' remaining arguments to be either rendered academic by this decision or without merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.