VIA HEALTH HOME CARE, INC., Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [823 NYS2d 243]—

Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 13, 2005 in Albany County, which partially denied plaintiff's cross motion for summary judgment.

Plaintiff, a certified home health agency, commenced this action seeking to enjoin recoupment by defendant Department of Health (hereinafter defendant) of Medicaid funds paid to plaintiff for services rendered to "dual eligibles," those persons eligible for both Medicaid and Medicare. Defendant evidently contracted with the Center for Medicare Advocacy (hereinafter CMA) to conduct a postpayment review of Medicaid claims for services provided to dual eligibles by home health agencies. After reviewing plaintiff's claims from 1996 to 1998, CMA determined that 340 of the Medicaid claims had a high probability of coverage by Medicare. Thereafter, defendant sought recoupment of approximately $1.5 million in Medicaid funds that plaintiff had previously received in reimbursement for services rendered to dual eligibles, recovering approximately $628,892 through March 2004.

Plaintiff asserts that defendant's postpayment review process violates the third-party liability provisions of federal law and seeks both to enjoin further recoupments and the repayment of any recouped funds, as well as a declaration that the applicable state regulations require defendant to afford it a hearing either prior to or immediately following the recoupment for services properly rendered to eligible clients. Following joinder of issue, both parties moved for summary judgment. Supreme Court denied defendants' motion in its entirety, granted plaintiff's cross motion to the extent of directing that plaintiff be afforded

notice and an administrative hearing on its challenges to the recoupments, and implicitly denied plaintiff's request for summary judgment on its claims under federal law. Plaintiff appeals, asserting that Supreme Court erred in failing to address its claims under federal law.* We disagree.

Plaintiff asserts that defendant's postpayment review and recoupment process amounts to an unauthorized "pay and chase" process without a required waiver from the Centers for Medicare and Medicaid Services, in violation of federal law (see 42 USC § 1396a [a] [25] [B]; 42 CFR 433.139 [e]). It asserts that despite its victory on its state law claims, appellate review of its federal claims under 42 USC § 1396a (a) (25) is necessary for a complete determination of its request for broad declaratory relief challenging the recoupment process as a whole. In connection with these claims under federal law, plaintiff seeks to enjoin entirely any attempt by defendant to recover the Medicaid payments at issue herein and return of all recouped funds.

As defendants counter, however, 42 USC § 1396a (a) (25) and its implementing regulations were not intended to confer a benefit upon health care providers or confer a private right of action in favor of those providers (see Wesley Health Care Ctr., Inc. v DeBuono, 244 F3d 280, 284 [2d Cir 2001]; Wilson-Coker v Community Visiting Nurse & Home Care Agency, 222 F Supp 2d 190, 196-197 [2002]; see generally Gonzaga Univ. v Doe, 536 US 273, 282-283 [2002]). In the absence of a private right of action enforceable by health care providers, plaintiff may not maintain a separate cause of action under section 1396a (a) (25) for recovery of all recouped funds, in addition to the state law challenges upon which it succeeded in Supreme Court (see Matter of St. Margaret's Ctr. v Novello, 23 AD3d 817, 820 [2005]; Matter of Home Care Assn. of N.Y. State v Bane, 218 AD2d 106, 110-111 [1995], lv denied 87 NY2d 808 [1996]).

To the extent that plaintiff seeks to challenge the validity of defendant's recoupment process as a whole, its claims are in the nature of a challenge to the validity of defendant's regulations governing that process (see 18 NYCRR part 518). Such a challenge to "a quasi-legislative act of an administrative agency requires CPLR article 78 review[,] which has a four-month limitations period" (Matter of Federation of Mental Health Ctrs. v

* Although defendants initially cross-appealed, they now concede that Supreme Court's decision ordering an administrative hearing regarding recoupment of the Medicaid funds is consistent with Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health (5 NY3d 499 [2005]), and they have withdrawn their cross appeal, stating that defendant will comply with Supreme Court's ruling.

*DeBuono*, 275 AD2d 557, 559-560 [2000] [citation omitted]; *cf. New York City Health & Hosps. Corp. v Bane*, 87 NY2d 399, 407 [1995]). Inasmuch as the relevant regulations became effective in 1988, any such challenge—made either in a declaratory judgment action or a CPLR article 78 proceeding—must be rejected as untimely (*see* CPLR 217 [1]; *Trager v Town of Clifton Park*, 303 AD2d 875, 876 [2003]).

In short, whether styled as a claim for recoupment under federal law or a broad challenge to the validity of defendant's recoupment process, plaintiff's claims fail. Accordingly, we exercise our authority to search the record and grant summary judgment to a nonappealing party (*see Goldstein v Jones*, 32 AD3d 577, 580 [2006]; *Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879, 881 [2001]), and dismiss plaintiff's federal law claims.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion dismissing the 42 USC § 1396a (a) (25) cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.