# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1049**
**CA 11-00471**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

GREECE TOWN MALL, LP,
PLAINTIFF-PETITIONER-APPELLANT,

V                                                        MEMORANDUM AND ORDER

DENNIS M. MULLEN, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF ECONOMIC DEVELOPMENT,
DEFENDANT-RESPONDENT-RESPONDENT.

---

FEERICK LYNCH MACCARTNEY PLLC, SOUTH NYACK (DENNIS E.A. LYNCH OF
COUNSEL), FOR PLAINTIFF-PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR DEFENDANT-RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David Michael Barry, J.), entered September 2, 2010 in a declaratory judgment action and CPLR article 78 proceeding. The judgment granted the motion of defendant-respondent to dismiss the complaint/petition.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part, reinstating the first cause of action and severing that cause of action, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff-petitioner (plaintiff) commenced this hybrid declaratory judgment action/CPLR article 78 proceeding seeking, inter alia, to annul the determination decertifying plaintiff as an "Empire Zone" business pursuant to the Empire Zones Act (General Municipal Law § 955 *et seq*.). We conclude at the outset that plaintiff correctly concedes that the third and fourth causes of action seek relief pursuant to CPLR article 78, and we further conclude that the second and fifth causes of action also seek such relief. Those causes of action constitute challenges to the specific action of an administrative agency (*see Matter of Aubin v State of New York*, 282 AD2d 919, 921-922, *lv denied* 97 NY2d 606; *see also Matter of Peckham Materials Corp. v Westchester County*, 303 AD2d 511, 511-512; *Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 558-560). Consequently, only the first cause of action properly seeks a declaration inasmuch as plaintiff thereby challenges certain regulations promulgated by defendant-respondent (defendant) as inconsistent with General Municipal Law § 959, rather than a particular agency determination or procedure (*see Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66

AD3d 678, 681).

We reject the contention of plaintiff that Supreme Court erred in granting that part of defendant's motion to dismiss the CPLR article 78 proceeding, i.e., the second through fifth causes of action. "[A] proceeding under [CPLR article 78] shall not be used to challenge a determination . . . [that] is not final or can be adequately reviewed by appeal to a court or to some other body or officer" (CPLR 7801 [1]). "In order to determine whether an agency determination is final, a two-part test is applied. 'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and[,] second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party' " (*Matter of County of Niagara v Daines*, 79 AD3d 1702, 1704, *lv denied* 17 NY3d 703, quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34, *rearg denied* 5 NY3d 824; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-195; *Stop-The-Barge v Cahill*, 1 NY3d 218, 223).

Here, plaintiff challenges defendant's determination rendered June 29, 2009, but the injury inherent in that determination could have been ameliorated by further administrative action through an appeal to the Empire Zone Designation Board (hereafter, EZDB) (*see* General Municipal Law § 959 [w]; 5 NYCRR 14.2). Indeed, plaintiff challenged defendant's determination in an administrative appeal to the EZDB, and the EZDB subsequently ruled on that appeal. Consequently, the determination challenged by plaintiff is nonfinal (*see generally Best Payphones, Inc.*, 5 NY3d at 34; *County of Niagara*, 79 AD3d at 1704), and the court properly dismissed the CPLR article 78 proceeding (*see* CPLR 7801 [1]).

We further conclude, however, that the court erred in granting that part of the motion to dismiss the declaratory judgment action, i.e., the first cause of action. That cause of action is governed by the six-year statute of limitations pursuant to CPLR 213 (1) (*see Solnick v Whalen*, 49 NY2d 224, 229-230), and thus the court erred to the extent that it concluded that the first cause of action is time-barred. We therefore modify the judgment by denying that part of the motion to dismiss the declaratory judgment action, and the first cause of action is reinstated and severed (*see generally Matter of Coalition to Save Cedar Hill v Planning Bd. of Inc. Vil. of Port Jefferson*, 51 AD3d 666, 668, *lv denied* 11 NY3d 702).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court