■ In the Matter of Town of Stony Point et al., Appellants, v State of New York Department of Finance, Office of Real Property Services, et al., Respondents. [967 NYS2d 231]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered April 25, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition.

The North Rockland Central School District in Rockland County contains all of the Town of Stony Point and a portion of the Town of Haverstraw. For school districts that encompass part or all of several municipalities, "the district superintendent must determine the full valuation of the real property of each part of a city or town included in the school district by dividing the taxable assessed valuation of the real property in that part of the city or town by the State equalization rate established for the entire city or town" (*Matter of City of Oswego v New York State Bd. of Real Prop. Servs.*, 280 AD2d 99, 100 [2001], *lv denied* 96 NY2d 711 [2001]; *see* RPTL 1314 [1] [a]). Respondent Commissioner of Taxation and Finance, however, is

authorized to allow the use of a special equalization rate if "a portion of a city or town is contained within a school district and the ratio of assessed value to full value of the properties contained in that portion is for some reason at variance with the State equalization rate for the entire municipality" (*Matter of City of Oswego v New York State Bd. of Real Prop. Servs.*, 280 AD2d at 102; *see* RPTL 1314 [2]).

Petitioner Town of Stony Point applied to the Commissioner for the establishment of a special equalization rate for the portion of the Town of Haverstraw lying within the district. A subsequent analysis by respondent Office of Real Property Tax Services recommended that the Commissioner deny the application, citing the lack of "a 10 percent change in the share of the levy of at least one segment of the taxing jurisdiction as the result of the use of the segment special equalization rate" instead of the State equalization rate (9 NYCRR former 186-5.5 [a]).* The Commissioner agreed, prompting petitioners to commence this combined CPLR article 78 proceeding and declaratory judgment action. Respondents moved to dismiss and argued, among other things, that certain portions of the proceeding were time-barred and that Supreme Court lacked subject matter jurisdiction to consider the remainder. Supreme Court granted the motion, and petitioners appeal.

We affirm. Petitioners' constitutional and statutory challenges to the validity of 9 NYCRR former 186-5.5 are attacks upon "a quasi-legislative act or decision made by an administrative agency" that are properly advanced in a CPLR article 78 proceeding (*Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.*, 97 AD3d 1044, 1045 [2012]; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Via Health Home Care, Inc. v New York State Dept. of Health*, 33 AD3d 1100, 1101 [2006]). They are accordingly subject to a four-month statute of limitations and, inasmuch as the regulation was last amended seven years prior to the commencement of this proceeding, Supreme Court properly dismissed them as time-barred (*see* CPLR 217 [1]; *Via Health Home Care, Inc. v New York State Dept. of Health*, 33 AD3d at 1101-1102).

We also agree with Supreme Court's conclusion that it lacked subject matter jurisdiction to consider petitioners' contentions regarding the rejection of their application for the establishment of a special equalization rate. A CPLR article 78 proceeding challenging that determination must "be instituted in the

---

* Subsequent to the commencement of this proceeding, the regulation was recodified at 20 NYCRR 8186-5.5.

Appellate Division, and if commenced in the wrong court, it is properly dismissed" (*Matter of Feiner v New York State Off. of Real Prop. Servs.*, 25 AD3d 1005, 1006 [2006], *lv denied* 6 NY3d 712 [2006]; *see* RPTL 1218; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 42 [2005]). Petitioners' remaining arguments, to the extent that they have not been rendered academic in light of the foregoing, have been examined and rejected.

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.