Peters, EJ.
Appeal from an order of the Supreme Court (McNamara, J.), entered June 13, 2012 in Albany County, which granted defendants’ motion to dismiss the complaint.
In 2005, the Governors of seven states, including then-Governor of New York George Pataki, signed a nonbinding memorandum of understanding (hereinafter MOU) in which they agreed to propose for legislative or regulatory approval within their respective states a carbon dioxide cap-and-trade program to target emissions from electricity generating power plants, known as the Regional Greenhouse Gas Initiative (hereinafter RGGI).* In 2008, defendant Department of Environmental Conservation (hereinafter DEC) and defendant New York State Energy Research and Development Authority (hereinafter *1039 NYSERDA) adopted final regulations implementing New York’s participation in the RGGI program (see generally 6 NYCRR part 242; 21 NYCRR part 507). The DEC regulations require power plants generating 25 megawatts or more of electricity to obtain a permit from DEC which, in turn, obligates the regulated entities to purchase and hold sufficient carbon dioxide allowances to cover emissions for the past three-year control period (see 6 NYCRR 242-1.4 [a]; 242-1.5 [c] [6]; 242-3.1). The NYSERDA regulations authorize it to coordinate and implement the state’s participation in the quarterly, multi-state auctions run by RGGI, Inc., a nonprofit corporation formed by the signatory states, through which the carbon dioxide allowances allocated for sale by DEC are sold to regulated entities (see 21 NYCRR 507.3, 507.6 [a], [b]). The auction proceeds are controlled by NYSERDA and used to “promote . . . programs for energy efficiency, renewable or non-carbon emitting technologies[ ] and innovative carbon emissions abatement technologies . . . and for reasonable administrative costs . . . associated with the [RGGI] [p]rogram” (21 NYCRR 507.4 [d]; see 21 NYCRR 507.3 [c]; 507.4 [a]-[d]).
In 2011, plaintiffs — three New York residents and electricity ratepayers — commenced this action seeking declaratory and injunctive relief against the enforcement of the RGGI program throughout the state. Plaintiffs alleged that the MOU was executed, and the regulations were promulgated, without legislative approval or statutory authorization and in violation of the NY Constitution and the separation of powers doctrine. Plaintiffs further asserted that the RGGI program imposes an unlawful tax upon ratepayers not authorized by the Legislature, and that the RGGI program, as implemented, is arbitrary and capricious. Lastly, plaintiffs claimed that the MOU constituted an interstate compact signed in violation of the US Constitution. Defendants moved to dismiss the complaint on the grounds of standing, statute of limitations, mootness and/or laches. Supreme Court granted the motion and dismissed the complaint in its entirety, finding that plaintiffs lacked standing to challenge the RGGI regulations and that the doctrine of laches barred their claims. Plaintiffs now appeal and we affirm, albeit on different grounds.
We assume, without deciding, that plaintiffs have standing to bring this action (see Matter of Stray from Matter of Stray from the Heart, Inc. v Department of Health & Mental Hygiene of the City of N.Y., 20 NY3d 946, 948 [2012]; Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, 96 NY2d 512, 516 [2001]; Matter of Hudson Prop. Owners’ Coalition, Inc. v Slocum, *1040 92 AD3d 1198, 1199 [2012]; see generally Matter of Hoston v New York State Dept. of Health, 203 AD2d 826, 827 [1994], lv denied 84 NY2d 803 [1994]). Nevertheless, the complaint must be dismissed in its entirety because certain claims are time-barred and the remaining claims have been rendered moot.
Although declaratory judgment actions are typically governed by a six-year statute of limitations (see CPLR 213 [1]), “a court must look to the underlying claim and the nature of the relief sought and determine whether such claim could have been properly made in another form” (Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d 1044, 1045 [2012]; see Gress v Brown, 20 NY3d 957, 959 [2012]; Solnick v Whalen, 49 NY2d 224, 231 [1980]; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1088-1089 [2012]). “Where, as here, governmental activity is being challenged, the immediate inquiry is whether the challenge could have been advanced in a CPLR article 78 proceeding” (Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d at 1089 [internal quotation marks and citation omitted]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 201 [1994]). “While it is well established that a challenge to the validity of legislation may not be brought under [CPLR] article 78, this principle does not apply to the quasi-legislative acts and decisions of administrative agencies,” which are subject to a four-month statute of limitations (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 205; Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d at 1045).
Here, plaintiffs’ first three causes of action challenge the validity of the RGGI regulations promulgated by DEC and NYSERDA pursuant to the statutory authority granted to those respective administrative bodies pursuant to the Environmental Conservation Law and the Public Authorities Law. The enactment of such regulations was “quasi-legislative” and, as such, plaintiffs’ challenges thereto were capable of being reviewed in the context of a CPLR article 78 proceeding (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 205; Matter of Town of Stony Point v State of N.Y. Dept. of Fin., Off. of Real Prop. Servs., 107 AD3d 1217, 1218 [2013]; Kent Acres Dev. Co., Ltd. v City of New York, 41 AD3d 542, 549 [2007]; Via Health Home Care, Inc. v New York State Dept. of Health, 33 AD3d 1100, 1101 [2006]; Matter of Purcell v Travis, 24 AD3d 824, 824 [2005], lv denied 7 NY3d 703 [2006]; Matter of Peckham *1041 Materiais Corp. v Westchester County, 303 AD2d 511, 511-512 [2003]; Matter of Federation of Mental Health Ctrs. v DeBuono, 275 AD2d 557, 560 [2000]). Although at times couched in terms of constitutional infirmity and illegality, the essence of plaintiffs’ claims against DEC and NYSERDA is that the RGGI regulations are “arbitrary and capricious” and that the decision to promulgate such regulations was “affected by an error of law” (CPLR 7803 [3]; see New York City Health & Hosps. Corp. v Mc-Barnette, 84 NY2d at 205; Marsh v New York State & Local Employees’ Retirement Sys., 291 AD2d 713, 714 [2002]; Wechsler v State of New York, 284 AD2d 707, 709 [2001], lv denied 97 NY2d 607 [2001]; Matter ofAubin v State of New York, 282 AD2d 919, 921-922 [2001], lv denied 97 NY2d 606 [2001]; Matter of Federation of Mental Health Ctrs. v DeBuono, 275 AD2d at 560). Plaintiffs’ challenges to the RGGI regulations are therefore subject to a four-month statute of limitations and, inasmuch as those regulations became effective more than 21/z years prior to the commencement of this action, their claims as against DEC and NYSERDA are time-barred (see CPLR 217 [1]; Via Health Home Care, Inc. v New York State Dept. of Health, 33 AD3d at 1101; Matter of Peckham Materials Corp. v Westchester County, 303 AD2d at 512).
While plaintiffs’ challenges to Governor Pataki’s authority to enter into the MOU are not subject to the four-month statute of limitations (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 815 [2003], cert denied 540 US 1017 [2003]), such claims must be dismissed as moot. By signing the MOU, Pataki did not obligate New York to participate in the RGGI program, but merely agreed to propose a carbon dioxide emissions cap-and-trade program in New York. It is the regulations implementing RGGI in New York — not the MOU — that form the legal basis for the state’s participation in the RGGI program (see generally 6 NYCRR part 242; 21 NYCRR part 507). As the MOU did not actually effectuate the RGGI program or the state’s participation in it, invalidating the MOU will not have the effect of repealing the regulations or otherwise affect their legality (cf. Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 812). A declaration as to the validity or invalidity of the MOU would, therefore, have no effect on the rights of the parties (see id.; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). Furthermore, we are unpersuaded that the exception to the mootness doctrine is applicable under the circumstances presented here (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 811-812; Matter of Schulz v State of New York, 182 AD2d 3, 5 [1992], appeal dismissed 80 NY2d 924 [1992], lv denied 80 NY2d 761 [1992]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
*1042 In light of our holding, we need not address the parties’ remaining contentions.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Three additional states subsequently signed the MOU. In 2011, New Jersey, one of the original signatory states, withdrew its participation.