Matter of Broadway Barbeque Corp. v New York City Dept. of Health & Mental Hygiene (2018 NY Slip Op 02458)





Matter of Broadway Barbeque Corp. v New York City Dept. of Health & Mental Hygiene


2018 NY Slip Op 02458


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-02752
 (Index No. 12658/14)

[*1]In the Matter of Broadway Barbeque Corporation, et al., petitioners/plaintiffs-appellants, 
v
New York City Department of Health and Mental Hygiene, et al., respondents/defendants-respondents.


Spero Andreopoulos, Astoria, NY, for petitioners/plaintiffs-appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Megan E.K. Montcalm of counsel), for respondents/defendants-respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 29, 2015. The order and judgment granted that branch of the motion of the respondents/defendants which was pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition/complaint as time-barred and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In March 2010, the respondent/defendant New York City Board of Health adopted section 81.51 of the New York City Health Code, which authorizes the grading of inspection results for certain food service establishments and the posting of those grades (see NY City Health Code [24 RCNY] § 81.51). This grading system was implemented in July 2010. In August 2014, the petitioners/plaintiffs (hereinafter the appellants) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief challenging the authority of the respondents/defendants (hereinafter the respondents) to implement the grading system and seeking to invalidate that system. The Supreme Court denied the petition/complaint without prejudice to renew upon proper papers. 
Thereafter, the appellants filed a second petition/complaint dated May 29, 2015 (hereinafter the 2015 petition), which alleged, inter alia, that the grading system was implemented in violation of lawful procedure, affected by an error of law, and arbitrary and capricious. The 2015 petition also sought declaratory and injunctive relief. In the order and judgment appealed from entered December 29, 2015, the Supreme Court granted that branch of the respondents' motion which was pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the 2015 petition as time-barred and, in effect, dismissed the proceeding/action (hereinafter proceeding). We affirm.
"[W]here a quasi-legislative act by an administrative agency . . . is challenged on the ground that it was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' (CPLR 7803[3]), a proceeding in the form prescribed by article 78 can be maintained and, as a corollary matter, the four-month Statute of [*2]Limitations that ordinarily governs such proceedings is applicable" (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 204; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). Here, although the 2015 petition sought injunctive and declaratory relief, the gravamen of the 2015 petition was that the grading system was implemented in violation of lawful procedure, affected by an error of law, and arbitrary and capricious. Therefore, the Supreme Court correctly determined that the four-month statute of limitations set forth in CPLR 217(1) applies to this proceeding (see Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works, 147 AD3d 942, 944; Tornheim v Fiala, 136 AD3d 797, 797; Thrun v Cuomo, 112 AD3d 1038, 1040-1041; Long Is. Power Auth. Ratepayer Litig., 47 AD3d 899, 900; Matter of Peckham Materials Corp. v Westchester County, 303 AD2d 511, 511-512).
Furthermore, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the 2015 petition as time-barred. The appellants challenge the adoption of the grading system, which became effective in July 2010. Inasmuch as the appellants did not commence the instant proceeding until August 2014, more than four years later, their causes of action are time-barred (see CPLR 217[1]; Thrun v Cuomo, 112 AD3d at 1041; Matter of Peckham Materials Corp. v Westchester County, 303 AD2d at 512).
The appellants' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court